UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                    )   Bankruptcy No. 04 B 35827
                                          )   Chapter 13
CORRINE F. GRANT,                         )   Judge John H. Squires
                                          )
                          Debtor.         )

## MEMORANDUM OPINION

This matter comes before the Court on the motion of Marilyn O. Marshall, the Chapter 13 Standing Trustee (the "Trustee"), to dismiss the bankruptcy case filed by Corrine F. Grant (the "Debtor") because the plan is in material default. For the reasons set forth herein, the Court grants the Trustee's motion and dismisses the case. The plan will take over five years to execute, and the unsecured creditors have not received a distribution.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## II. FACTS AND BACKGROUND

Most of the facts in this matter are undisputed. On September 27, 2004, the Debtor filed a voluntary Chapter 13 bankruptcy petition. The Debtor's plan was confirmed on December 22, 2004. The plan term was for sixty months with a monthly payment of $1,035 to be made to the

-2-

Trustee. The payments from the Debtor to the Trustee were to total $62,100. The plan provided that all general unsecured claims were to be paid in full with interest at the rate of 4.5 percent.

Pursuant to the Trustee's records, the Debtor made her first payment of $1,035 on October 28, 2004. Thereafter, from December 2004 through December 2006, with only two exceptions, the Debtor made monthly payments to the Trustee in the sum of $955.24 each. With respect to those two exceptions, the Debtor paid the Trustee $477.62 each time. After December 2006, the Debtor began making bi-monthly payments to the Trustee, each in the sum of $477.62. The Trustee's records show that, as of March 12, 2010, the Debtor has not missed a plan payment. Though generally timely, however, the Debtor's plan payments have been less than the amount proposed and required under her confirmed plan.

According to the Debtor, she has paid approximately $67,000 to her creditors so far under the plan, her secured claims have been paid in full, and she has not defaulted on any payments. The Debtor maintains that it is in the best interest of the creditors to allow her to complete the plan because the unsecured creditors will receive one hundred percent of their filed claims plus 4.5 percent interest. If she is allowed to continue with her plan, the Debtor contends that she will begin to pay her unsecured creditors and should be able to successfully complete the plan in approximately twelve months.

The Trustee contends that the Debtor is in material default because the unsecured creditors have not received any distribution as provided for in the plan and because the plan has not been completed in timely compliance with the confirmed terms. The plan should have been completed in September of 2009. According to the Trustee, it will take the Debtor approximately seventy-eight months in total to complete the plan. The Trustee argues that, with a balance of

-3-

approximately $13,687.22 still owed to the unsecured creditors, the plan is no longer feasible.

Further, the Trustee maintains that the Debtor has been on notice since November 24, 2008 that

the plan is no longer feasible. The Trustee states that notice was sent to both the Debtor and

counsel for the Debtor indicting that the current monthly mortgage payment changed (for reasons

that are not clear) and that, as a result, the plan is no longer feasible. The Trustee submits that the

Debtor did not move to amend the plan and now wants the Court to ignore the plan terms. The

parties waived their opportunity for an evidentiary hearing.

### III. **APPLICABLE STANDARDS**

Pursuant to 11 U.S.C. § 1307(c), courts have the power to convert or dismiss a bankruptcy

case for cause. The statute sets forth a list of eleven "causes." The Trustee seeks to dismiss the

Debtor's case under § 1307(c)(6), which provides as follows:

> (c) Except as provided in subsection (e) of this section, on request
> of a party in interest, or the United States trustee and after notice
> and a hearing, the court may convert a case under this chapter to
> a case under chapter 7 of this title, or may dismiss a case under this
> chapter, whichever is in the best interests of creditors and the
> estate, for cause, including–

> . . .

> (6) material default by the debtor with respect to a
> term of a confirmed plan[.]

11 U.S.C. § 1307(c)(6).

The Court follows the line of authority that considers the Chapter 13 Standing Trustee a

party in interest for purposes of § 1307(c). *In re White*, 126 B.R. 542, 546 (Bankr. N.D. Ill. 1991)

(collecting cases). Conversion or dismissal under this provision is not automatic; rather, it is a

-4-

matter of the court's discretion. *Marshall v. Henry (In re Henry)*, 368 B.R. 696, 701 (N.D. Ill.

2007). Generally, a court will find conversion or dismissal appropriate when efforts to cure a

default are unsuccessful and the plan cannot be modified so as to make it feasible for completion.

*White*, 126 B.R. at 546.

Another provision of the Bankruptcy Code, 11 U.S.C. § 1322(d)(1), should be also

considered with respect to the Trustee's motion. Section 1322(d) states in pertinent part that a

"plan may not provide for payments over a period that is longer than 5 years." 11 U.S.C. §

1322(d). According to the Seventh Circuit, a Chapter 13 plan "may not exceed five years under

any circumstances. . . ." *See In re Chappell*, 984 F.2d 775, 780 (7th Cir. 1993).


## IV. DISCUSSION

The Court finds that the Debtor's case should be dismissed because the Debtor is in

material default under the terms of the confirmed plan. First, the Debtor is in material default

because, after more than sixty months, she has not paid her unsecured creditors anything at all,

in contravention of the confirmed plan requiring her to pay those creditors their claims in full

along with interest at 4.5 percent. Section 1327(a) of the Bankruptcy Code binds the Debtor, as

well as her creditors, to the terms of the confirmed plan. 11 U.S.C. § 1327(a). The Debtor's

failure to satisfy the terms of the confirmed plan with respect to the payments to her unsecured

creditors constitutes a material default and warrants dismissal of the case.

Under 11 U.S.C. § 1329, a debtor may modify a plan after it has been confirmed.

Specifically, a debtor may increase or reduce the amount of payments on claims to a particular

-5-

class of creditors. 11 U.S.C. § 1329(a)(1). Here, the Debtor did not take advantage of the opportunity to modify her plan post-confirmation.

Next, the Court finds that the Debtor is in material default under the confirmed plan because she was not able to complete the plan in five years. The Debtor cites to *In re Henry*, 343 B.R. 190 (Bankr. N.D. Ill. 2006), *aff'd*, 368 B.R. 696 (N.D. Ill. 2007), in support of her position that the Court should allow her to continue to make payments under the confirmed plan until the unsecured creditors are paid in full. According to the Trustee, allowing the Debtor to make these payments would take an additional eighteen months beyond the sixty-month term of the confirmed plan.

The decision to allow continued payments after five years is left to the Court's discretion. *See Henry*, 368 B.R. at 701-02. The Court declines the Debtor's request to allow her to continue making payments under her plan and respectfully declines to follow the result in *Henry*. In that case, the debtor was given an additional thirty months to complete her payments. The *Henry* court utilized a four-part inquiry that was employed in *In re Brown*, 296 B.R. 20 (Bankr. N.D. Cal. 2003), to determine whether dismissal was appropriate. Those factors are not, however, set forth in the text of § 1307 and could effectively permit a Chapter 13 plan to extend many years beyond its stated term. Conceivably, a hypothetical case under this line of reasoning could continue throughout the entire life of a debtor and even past the debtor's demise. Such a result seems absurd and not within the scope of what Congress intended in the current paradigm of Chapter 13. Thus, the Court declines to follow this line of cases, which potentially allows Chapter 13 plans to run an unlimited duration.

-6-

Instead, the Court will follow the logic of its earlier opinion in *In re White*, 126 B.R. 542, 547 (Bankr. N.D. Ill. 1991) ("[T]he fact that the Debtors have exceeded the five year limitation . . . further mandates the Court's exercise of its discretion in favor of dismissal."). *See also In re Goude*, 201 B.R. 275, 276 (Bankr. D. Or. 1996) ("Since the maximum time allowed to complete the payments under a Chapter 13 plan has expired, this case must be dismissed."); *In re Jackson*, 189 B.R. 213, 214 (Bankr. M.D. Ala. 1995) ("The maximum duration of any Chapter 13 plan under § 1322(d) will expire five years after the date of the initial payment under the plan."); *In re Woodall*, 81 B.R. 17, 18 (Bankr. E.D. Ark. 1987) ("Under this computation, the case has been pending for more than five years and must be dismissed."). Moreover, the Court has support for its decision to dismiss this case pursuant to the Seventh Circuit's statement that Chapter 13 plans should " not exceed five years under any circumstances. . . ." *Chappell*, 984 F.2d at 780.

The Court finds that § 1322(d) limits Chapter 13 plans to a maximum of five years. The Court will not ignore this limitation. While this section pertains to the contents of a plan and confirmation requirements, the Court believes it applies to all confirmed Chapter 13 plans. A plan cannot be confirmed if it exceeds five years. Hence, a debtor should not be allowed to continue making payments under the plan if such payments exceed that five-year period. To allow this plan to continue for another twelve to eighteen months is simply to ignore § 1322(d) and clear Congressional intent. Congress intended to limit the time period of a Chapter 13 plan in order to protect debtors from involuntary servitude. *Henry*, 368 B.R. at 701. The purpose of the plan term limitation in Chapter 13 is to avoid debtors becoming "wage slaves." *Woodall*, 81 B.R. at 18. If, in the future, Congress wants to permit longer Chapter 13 plan terms, it can so legislate.

-7-

Further, the Court finds that the dismissal of this case is in the best interest of the creditors and the estate. From the unsecured creditors' perspective, they are still stayed by the automatic stay of 11 U.S.C. §§ 362(a) and 1301, and they have received nothing as promised under the plan. If the case is dismissed, as it should be, the stay lifts as a matter of law and the unsecured creditors are free to pursue collection of their claims from the Debtor. They will not have to wait for future payments. After all, the unsecured creditors were promised to be paid in full with interest in sixty months. It is not fair or equitable for them to wait another twelve to eighteen months for their distributions.

## V. CONCLUSION

For the foregoing reasons, the Court grants the Trustee's motion and dismisses the case.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

ENTERED:

DATE: _5/24/10_

_John H. Squires_
**John H. Squires**
**United States Bankruptcy Judge**

cc:    See attached Service List

## SERVICE LIST

### Corrine F. Grant
**Bankruptcy No. 04 B 35827**

Elizabeth Mohr, Esq.
Ledford & Wu
200 S. Michigan Ave., Suite 209
Chicago, IL 60604

O. Anthony Olivadoti, Esq.
Office of the Chapter 13 Trustee
Marilyn O. Marshall
224 S. Michigan Ave., Suite 800
Chicago, IL 60604

William T. Neary, United States Trustee
219 S. Dearborn Street
Suite 873
Chicago, IL 60604